ORIG

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 NOV 22  AM 9: 02

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| PEGGY H. MORRIS,          )<br>                                         )<br>       Plaintiff,                    )<br>                                         )<br>       v.                              )     CV **CV 105-188**<br>                                         )     (formerly MC 105-008)<br>RICHMOND COUNTY BOARD OF  )<br>EDUCATION,                      )<br>                                         )<br>       Defendant.                 )    | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned employment discrimination complaint *pro se* and is proceeding *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.[1] See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). For reasons explained more fully below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for racial and gender discrimination under Title VII be **DISMISSED**.[2]

---

[1] As explained in detail in a simultaneously filed Order, there has been some confusion about the filing of a complaint in this case. In screening Plaintiff's claims, the Court will consider the original complaint and the Court-ordered complaint in tandem.

[2] By separate Order, the Court has directed that service of process be effected based on Plaintiff's claims of retaliation.

## I. BACKGROUND

Plaintiff alleges that she had a contract with Defendant to teach at Butler High School. However, she claims that the terms of the contract were not honored when her job was not renewed after she questioned the manner in which grades were assigned to students. According to Plaintiff, after she began questioning students' grades, her supervisors falsified accusations about deficient performance in the classroom in order to justify not renewing her job. Plaintiff alleges that she was discriminated against because of her race and gender, and that she was retaliated against because she questioned the propriety of the grading system at school.

Plaintiff filed a Charge of Discrimination with the Augusta Human Relations Commission and the Equal Employment Opportunity Commission ("EEOC"). According to the documentation attached to the complaint, Plaintiff charged that she had been discriminated against based on her race and retaliated against because she "became an advocate for students," presumably when she questioned the grading system. Plaintiff only checked the box for alleged racial discrimination on her Charge of Discrimination, but the "Particulars" of the claim also described alleged retaliation. (Charge # 11AA400318, attached to original complaint). Plaintiff's "Right to Sue" letter, dated April 25, 2005, states that the EEOC was unable to conclude that the information obtained established a violation of the statutes.

## II. DISCUSSION

### A. No Claim for Racial or Gender Discrimination

Liberally construing Plaintiff's allegations and granting her the benefit of the

2

reasonable inferences that may be derived from her complaint and amended complaint, the Court **FINDS** that she has failed to state a claim upon which relief can be granted for racial or gender discrimination under Title VII. "Title VII prohibits an employer from 'discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' 42 U.S.C. § 2000e-2(a)(1)." Schoenfeld v. Babbitt, 168 F.3d 1257, 1268 (11th Cir. 1999). In the Eleventh Circuit, a *prima facie* case of racial or gender discrimination in situations involving employee misconduct can be established by showing that (1) the complainant is a member of a protected class; (2) the complainant suffered an adverse employment action; (3) a similarly situated employee outside the complainant's protected class was treated more favorably; and (4) the complainant is qualified for the job from which she was fired.[3] Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999). When a case does not fit squarely within the four corners of the *prima facie* framework, disparate treatment may be shown when an employer takes action from which a discriminatory animus can be inferred. Schoenfeld, 168 F.3d at 1268.

Here, Plaintiff has alleged that she is a member of two protected classes based on her sex and race, and she has alleged that she was qualified for the job she held. However, she makes no allegation that someone outside of the two protected classes to which she belongs engaged in similar behavior but was retained. Nor has she alleged that any of the actions

---

[3] Although the pleadings are not entirely clear on this point, the Court presumes because Plaintiff talks about the qualifications for the job from which she was fired / which was not renewed, as well as about the alleged falsification of deficient performance reviews, that Plaintiff is alleging her supervisors discriminated against her by refusing her a job based on alleged misconduct/deficient performance of job duties.

3

about which she complains were performed in such a manner that racial or gender animus can be inferred. In fact, there is no mention of race or gender in the pleadings until Plaintiff states the basis for her requested relief. Thus, as to her claims for racial and gender discrimination, Plaintiff fails to state a claim upon which relief can be granted.

### B.     No Exhaustion on Gender Discrimination Claims

Moreover, even if Plaintiff had alleged all the necessary elements of a gender discrimination claim, she did not make such an allegation in her Charge of Discrimination. Rather, as the documentation attached to Plaintiff's original complaint confirms, she checked the box for alleging racial discrimination and described allegations of retaliation in her "Particulars" narrative. There is no mention of gender discrimination.

It is well-settled that a Charge of Discrimination must be filed with the EEOC prior to commencing a Title VII action. Gregory v. Georgia Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (*per curiam*). As the Eleventh Circuit has explained:

> The purpose of this exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983); see also Wu v. Thomas, 863 F.2d 1543, 1548 (11th Cir. 1989) ("The purpose of the filing requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC.") (internal quotation and citation omitted). This Court further has noted that judicial claims are allowed if they "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate. Wu, 863 F.2d at 1547 (citation omitted).

Id. at 1279-80. Thus, Plaintiff's failure to raise the allegation of gender discrimination in her Charge of Discrimination precludes her from raising it in this lawsuit.

### III.   CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for racial and gender discrimination under Title VII be **DISMISSED**.

SO REPORTED and RECOMMENDED this 22nd day of November, 2005, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE